The opinion of the court was delivered by
Horkblowee, C. J.
This was an action of trover brought by Ward, the defendant in Certiorari against Ross the plaintiff in Certiorari: Ross did not appear at the return of the summons, and the Justice proceeded to try the cause, and rendered judgment against him, for fifty-three dollars damages, with costs.
The counsel for Ross moves to reverse this judgment, on several grounds: and,
1st. Because, it does not appear by the constable’s return, that the summons was legally served.
In support of this reason, the following oisos were cited. Viz. Layton v. Cooper, Penn. R. 63. Rape v. Titus, 6 Halst. R. 314. and several others referred to in Halst. Big. 102 B.
The return of the constable in this case, is in these words: “I served this summons on defendant by reading it to him,Sept( tuber 20th 1836.” (Signed) “J. S. E Fail constable.” The only error (if it is one) that I can perceive, is that the constable has not stated that the defendant did not require a copy, and this I am inclined to think is fatal to the proceedings — 1'he statute prescribes two modes of making a personal service of a summons; one is by reading it to the defendant, and the other by reading it to him and giving him a copy when required ; and the constable is directed to endorse thereupon, the time and manner of service. (Rev. Laws 630. s. 6.)
2iow if the officer read the summons to the defendant but refused or neglected to give him a copy, though requested to do so by the defendant, it was not a lawful service; and the defendant was not bound to appear — A Justice has no authority to proceed in the absence of a defendant, unless it appears to him, by the cn^oHble’s return that he has been duly summoned; (Layton v. *24 Cooper, Penn. P. 62) but how could the justice know in this case, that Ross had been lawfully summoned? How could he know that a copy of the summons had not been required ? He could only infer or presume that it had not been, from the silence of the constable. But this he had no right to do. The justice must enter the return upon his docket, so that it may appear of record, that he had a right to proceed in the absence of the defendant, and nothing can be supplied by intendment.
Again, the return ought to be such, that if not true, an action for a false return may be brought against the constable. Suppose in this case the defendant did require a copy and it was refused to him ; how can he maintain an action for a false return ? The return is true, so far as it goes: but if the constable had gone further, and returned, that “no copy was required,” though it would have justified the justice in proceeding, yet the defendant might have sued the constable for a false return, if a copy had been demanded in fact. It is true, I do not find any case that goes so far, but I think the reasoning of the court in Layton v. Cooper : Penn. R. 62, Sleddiford v. Ferris 1 South. R. 108, Rape v. Titus. 6 Halst. R. 314, and Cobb v. Decker 1 South. R. 119, justify us in requiring that the constable state in his return, if such was the fact, that no copy was requested.
2d. Because the summons itself was defective and void; — and I think it was so. If the defendant understood it, when it was read to him, the constable must have supplied many words that are not in it • and if he read it verbatim et literatim, it must have been unmeaning and unintelligble to the listener. The summons is as follows: “ summon Isaac Ross to appear before me at Ward’s hotel in the township of Hardyston on the 30th day of September inst. at 12 o’clock in the afternoon to answer Stephen Ward trespass on the case $100 in aplea of; Hereof fail not.” Now I do not think that the defendant was bound to understand hieroglyphics, nor even such abbreviations as are found in this paper. Nor is he bound to transpose words in order to make sense of them. The process of a court, requiring the personal appearance of a party, ought to be in words at length, especially as to the time when he is required to appear and the sum demanded of him, and not in doubtful and equivocal contractions. Cole v. Petty Penn. R. 60.
*25 3d. A third ground of reversal insisted upon, is that the defendant was misled, by a promise of the justice that he would adjourn the cause. But this reason is not sustained by the affidavits which have been read. From what passed between the defendant and the justice, the defendant probably expected an adjournment, but he has failed to shew any such promise by the justice, as would subject him to the imputation of practicing a deception on the defendant, or as justified the defendant in expecting an adjournment. For the reason first assigned let the judgment be reversed.
Ford, J., concurred. Ryeeson, J., gave no opinion.
Cited in Cooper v. Roberts, 1 Harr. 354; Mains v. Smith, 1 Harr. 361; Gardner v. Small, 2 Harr. 163; Berrian v. State, 2 Zab. 36.